EMIL LAWRENCE
77 Van Ness Avenue
Bldg. One, Unit 1304
San Francisco, CA 94102
Telephone: (415) 513-7705 PCS Mobile
Email: EmileLawrence@Yahoo.com

Pro Se Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMIL LAWRENCE<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　　　Defendant. | Case No.: **C14-00820 (MEJ) (JSC)**<br><br>**MOTION TO ENLARGE TIME**<br><br>DATE: (_February 19, 2015_)<br>TIME: (_10:00 a.m._____)<br>LOCATION: (Courtroom B__)<br>JUDGE: (__JAMES_____) |

1. Plaintiff Emil Lawrence respectfully requests the Court to continue the "Discovery Meet and Confer" hearings for 90 days or as long as the Court sees fit. The "First Requests for Documents," by the Plaintiff, a series of 30 questions are largely and totally unanswered, or were answered in an unacceptable form. The Plaintiff needs critical evidence which is being withheld with a variety of the Defendant's counsel answers, although these requests are for public documents in this Complaint. The Plaintiff needs signed documents by the SFPD officers that made their police reports. The Plaintiff was going to use the documents in his "Requests for Interrogatories," and now has decided

pg - 1 - MOTION TO ENLARGE TIME   C14-00820 MEJ

to, quickly, send out interrogatories to all the SFPD officers and parties involved in the Complaint.

2. In the "Second Set of Requests for Documents"-on file-in the Plaintiff's attempt to amend the complaint, the Plaintiff discussed his dissatisfaction with the present time allowance with Defendant's counsel. At the time of the "Meet and Confer" in Maria-Elena James's court room, the defendant's counsel, after complying with one request in 19, claimed he had other trials also, as his objection to a discovery time extension, after Defendant's counsel just got back from a three week vacation. It was after the Defendant counsel's three week vacation that he answered one question in 19 requests. This question to answer ratio is absolutely unacceptable. The Plaintiff has attempted, in the past four months to "Meet and Confer" with counsel for the Defendants, but has been stonewalled regularly so Defendant's counsel could run the clock. In the last "Meet and Confer" session, in the Court B of Maria-Elena James's Court, on January 21, 2015, at 10 a.m., the "Meet and Confer Session Two," counsel for the Defendants complied with just one request for documents.

3. In this "Second Request for Documents," as of this date, which means there are 18 other requests the Defendant's counsel still disputes, or is going to partially respond to at some time in the future, whenever. One answer in 19 question is an "F" for responses. In mathematical percentages, defendant counsel's response rate for the "Second Request for Documents" was a dismal 5.26% ($1 \div 19 = .0526$), at the moment. In any court room, this response rate would be a "failure to respond." All unsigned documents produced by the Defendants are not acceptable responses for these requests. Blackened pages which the Defendant's counsel submitted are nothing more that pulp fiction for these requests, and are unacceptable responses. If these requests for documents keep getting stonewalled, a motion for sanctions against the Defendant's counsel would have merit. If the Court cannot find an enlargement of time for this request, the Plaintiff's case would be compromised. In this Complaint, sanctions against the defendant's counsel could be requested by the Court. For the trial jury, with critical valuation, the Plaintiff

needs the requested signed documents. Northern Station's claim that there were no surveillance cameras working at the time, is totally absurd, unless signed off as such by the station Captain, at the time, Captain Anne Mannix. If the Court does not allow an enlargement of time in this Complaint, the Plaintiff will be substantially harmed by the complete lack of responses by the Defendants for the trial.

4. The Plaintiff needs the Motion to Enlarge the Time in discovery because counsel for the Defense has not produced what he claimed he was going to produce, and it is yet to be determined that his production of documents, when produced, will be acceptable.

5. At this time, there have been no other motions to enlarge or to amend the Complaint that have been approved by this Court. In the interest of justice, for the Court, the Plaintiff will use an extension of time in discovery for the Defendant's counsel to respond in a timely manner in the continuance of the discovery. And, the Plaintiff is going to use the extended time more diligently and professionally, if the court allows, by sending out "Requests for Interrogatories" directly to the defendant police officers to answer specific and direct questions, in the time allowed. The specific answers in these interrogatories, if an enlargement of time is allowed, will be used at the trial, by the Plaintiff. Simply, counsel for the Defendants has failed to produce all signed police documentation on the Plaintiff's arrest, handcuffing, transportation, incarceration, and interrogation. The additional time modification will allow the Plaintiff to go directly to the Defendants with questions to be answered, with appropriate time to respond. The allowed time would not, or should not change the rest of the schedule for the Complaint to proceed to trial.

DATED: Feb 9, 2015

Signature
Emil Lawrence

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

EMIL LAWRENCE

Plaintiff,

v.  Civil Action No. C14-00820 MEJ

*CITY AND COUNTY*
OF SAN FRANCISCO, et al.

Defendants.

## DECLARATION OF EMIL LAWRENCE

Pursuant for the application of CCP §474, *Austin v. Mass. Bonding & Ins. Co.* 56 Cal. 2d 596 (1961); PC §207(a), Emil Lawrence, declares and state as follows:

1. I am the Plaintiff in this Complaint, and I have lived in San Francisco for 45 years. In this capacity as a resident of San Francisco, I have held down various occupations in imports/exports, commodity, derivatives, futures, securities' investment sales and as a taxi driver. Not being able to find another job, for over a decade, I dress and look like a taxi driver. And, in this occupation I have been stopped and arrested by the San Francisco police without cause, four times or more.

2. As a resident of this city for the past four decades, in the past 10 years I have applied for over 1000 posts within the San Francisco Civil Service System( SFCSS), on the Civil Service Registry (CSR), within post classifications related to Administrative Analysis, Classes 1820-27, including four Director's posts at the San Francisco Taxi Commission and Agency. But, I have not obtained one job. In the past nine years, I have applied four times for the Taxi Director post when it became vacant. Each time, my application was blocked by the mayors of San Francisco, Gavin Newsom and Edwin Lee.

3. As a taxi driver, I have a master's in business administration from San Francisco State University. But, this higher education has not helped me find one job in San Francisco, besides driving a taxi. Although I have exam scores on the CSR in the 95% range, and US veteran's status, I have been blocked from CSR posts. And, none of this background has helped me to find an attorney for my Complaint in this incident.

4. Although the SFMTA controls up to 7000 "A" card holding taxi drivers, the agency does not hire qualified taxi drivers to properly administrate the industry. As the only taxi driver on the CSR, who is absolutely qualified for the taxi director post, I have been denied this spot for a decade. In this decade, I have become a political activist, and have brought these issues up at the Board of Supervisors, the San Francisco Airport and SFMTA Commission hearings.

5. Taxi drivers in the City and County of San Francisco do not have salaries, pensions or routine grievance procedures, and the City and County over regulates them, then fines and destroys their incomes with draconian fees, rules, regulations with DPT and SFPD citations that other city transportation workers do not have to pay.

6. As a city regulated taxi driver, I have been very vocal about the system of corruption at City Hall. Mayor Gavin Newsom loaded up the City Directorship with an assortment of cronies. He followed the footsteps of his predecessor Willie Brown, who hired up to 750 assistant mayors. Mayor Newsom used the San Francisco Taxi Commission as his own ex-employee job club from his inner city hall payroll cuts.

7. The City Attorney Dennis Herrera failed to investigate Mayor Lee's ethics violations, where firms that signed contracts with the City and Lee as City Administrator, had hundreds of their employees donate to Lee when he ran for Mayor. City Attorney Herrera forced all the employees that worked for him, to give $500 each to his campaign.

8. As an attorney in pro se, and a city taxi driver with low income that deals with Dennis Herrera's City Attorneys, as the Plaintiff in this Complaint, I am very concerned that I can be "whip-sawed" in areas beyond the law, by the City and County of San Francisco, due to their battery of Deputy Attorneys that are on the city payroll, helping the Defendant's counsel.

9. I am making this declaration in writing to protect my rights under the US Constitution., which includes the Bill of Rights, and specifically the First, Fourth, Eighth and 14th, Amendments. What I know about this Complaint, to the best of my ability is true and correct.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

*(signature)*

EMIL LAWRENCE
San Francisco, CA 94102
Executed on Feb 9, 2015

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

Civil Action No. C14-00820 MEJ

**COURT ORDER**

PROPOSED ORDER:

The Court having considered all papers filed in connection with the Plaintiff's Motion, ~~To Enlarge or/and Modify the time for Discovery, and having~~ considered oral arguments, if any, herby grants ~~Plaintiff's Motion _____ more days.~~

COURT VACATES THE FEBRUARY 19, 2015 MOTION HEARING. COURT WILL RE-NOTICE HEARING IF NECESSARY.

DATE: February 13, 2015

Magistrate Judge: _____

Maria-Elena James

pg - 6 - MOTION TO ENLARGE TIME - C14-00820 MEJ

# Proof of Service by Mail

I, **Eric Milstein,** declare as follows:

I am a citizen of the United States of America, over the age of eighteen years and not a party to the enclosed action. I am employed in the city and county of San Francisco, at 440 Bryant Street, San Francisco, California 94107.

On February, 9 2015 at approximately 5 p.m. I placed in the United States Postal Service (U.S.P.S), in one of their blue postal SERVICE boxes:

The REQUEST FOR A MOTION TO ENLARGE TIME.

For the following persons, I placed a true copy in one enclosed and sealed envelope,

with prepaid postage, into a San Mateo, California, U.S.P.S. Blue postal box.

**The envelope was addressed as follows:**

BRIAN P. CEBALLO, City Attorney, Fox Plaza, 1390 Market St. Sixth Floor, San Francisco CA 94102   OFFICE TELEPHONE: (415) 554-3911

I declare under the penalty of perjury, under the laws of California that the following is

true and correct statement.


Dated:   February 9, 2015          Signed Name  *Eric Milstein*  electronic signage
                                               Eric Milstein

# Proof of Service by Mail