UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMIL LAWRENCE,<br>        Plaintiff,<br>    v.<br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br>        Defendants. | Case No. 14-cv-00820-MEJ<br><br>**DISCOVERY ORDER**<br>Re: Dkt. Nos. 43, 45 |

## INTRODUCTION

Plaintiff Emil Lawrence brings claims under 42 U.S.C. § 1983 and state law causes of action against Defendant City and County of San Francisco related to his January 2, 2012 arrest. On February 23, 2015, Defendant City and County of San Francisco filed a discovery letter seeking to compel Plaintiff to execute or provide an authorization for medical records so it may discover the nature and extent of his alleged injuries. Dkt. No. 43, Ex. A ("Def.'s Ltr."). On March 3, 2015, Plaintiff filed his opposition to Defendant's request.[1] Dkt. No. 45 ("Pl.'s Ltr.").

## BACKGROUND

The following factual allegations are taken from Plaintiff's First Amended Complaint. Not. of Rem., Ex. A, Dkt. No. 1. Plaintiff alleges that, in December 2011, while having lunch at a Panda Express restaurant, he noticed "a black notebook, possibly with a calculator or unknown brand of reader like Kindle, or a Droid, PC, Apple, or some other kind of electronic device, across

---

[1] In his opposition letter, Plaintiff raises other discovery disputes that are not properly before this Court as part of the briefing related to Defendant's request for medical records. Accordingly, any request contained therein is denied without prejudice. Although the Court has already advised him multiple times, Plaintiff is again reminded that he must comply with the undersigned's Discovery Standing Order. "[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

1  from me at the table." *Id.* at 15.  Plaintiff picked up the device and left the restaurant. *Id.*  On
2  January 2, 2012, he returned to the Panda Express for lunch, at which point two San Francisco
3  police officers approached him and asked, "Did you take a computer from this store?" *Id.* at 16.
4  At the same time, a woman yelled from the sidewalk, "That is the thief, that is him, get him, my
5  computer, he is on the video stealing it." *Id.* at 4.  Plaintiff alleges that this "was the start of
6  intentional multiple torts" that "continued for almost three hours, when plaintiff was pushed,
7  forced to listen to high volume music and to sit on his handcuffed hands, hands and wrists which
8  contained a metal plate." *Id.* at 5.

9  Plaintiff alleges that the officers handcuffed him twice, pushed him "into a box hole fit for
10 a midget," and then pushed him into a police vehicle "with a backseat fit for a midget." *Id.* at 4-5.
11 Plaintiff alleges that the officers forced him to sit on his wrists, which had previously been broken,
12 and forced his "veinstasis [sic] diseased legs" into a spot "fit for a midget or child." *Id.* at 4.  The
13 officers transported Plaintiff to the Northern Station on Fillmore Street, where they dragged him
14 out of the vehicle, dropping him on his back onto the pavement while still handcuffed. *Id.* at 4-5.
15 Although "Plaintiff was crying and screaming for help and justice," no officers responded.  *Id.* at
16 4.  Plaintiff alleges that he was "shackled like an animal from the wild" for two hours at the police
17 station, with the handcuffs "so tight which made both hands numb while plaintiff's legs numb legs
18 [sic] were now bleeding." *Id.* at 4, 7.  Plaintiff was released after signing two citations. *Id.* at 4.

19 As a result of his arrest, Plaintiff alleges multiple claims, including violations of 42 U.S.C.
20 § 1983, false imprisonment, false arrest, negligence, and various California statutory claims.
21 Plaintiff alleges that he sustained the following injuries: "Shock, pain, emotional drama,
22 temporary loss of use of legs, hands, trauma and pain induced depression, suffering due to pain,
23 duress, coronary thrombosis and propensity for myocardial infarct due to excited delirium,
24 induced by false arrest, charges, accusations and physical handling." *Id.* at 3.

25 At his August 19, 2014 deposition, Plaintiff testified that he sought medical treatment for
26 his injuries at the San Francisco Veteran's Affairs Medical Center one or two days after his arrest.
27 Def.'s Ltr. at 1.  Plaintiff also testified that he had a pre-existing medical condition in his lower
28 extremities and wrists that predated the incident in this case. *Id.*  On September 8, 2014, the

2

1  parties met and conferred, at which time Defendant provided an authorization to obtain San
2  Francisco VA Medical Center records for Plaintiff's review and signature. *Id.* Plaintiff refused to
3  execute the authorization. *Id.* To date, Plaintiff has not signed the authorization.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. A court "must limit the frequency or extent of discovery otherwise allowed by [the Federal] rules" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by (1) prohibiting disclosure or discovery; (2) conditioning disclosure or discovery on specified terms; (3) preventing inquiry into certain matters; or (4) limiting the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

## DISCUSSION

Given the injuries alleged in this case, Defendant argues that it cannot adequately defend this action without review of the VA Medical Center records. Def.'s Ltr. at 1. Defendant notes that it does not seek to subpoena all of Plaintiff's medical history; instead, the medical authorization is for the medical facility that treated Plaintiff for the alleged injuries in this case. *Id.* at 2. Further, as Plaintiff claims that he has sustained injuries to parts of his body where he had

a pre-existing condition that predates the incident at issue, Defendant maintains that it is entitled to discover pre-existing conditions which may affect causation in this case. *Id.*

In his response, Plaintiff argues that the requested information is not relevant because his injuries "though stated, and were caused by [Defendant], are not a 'cause of action' for medical compensation." Pl.'s Ltr. at 3. He states that he "will have access to VA medical records for evidence at the trial, in [sic] behalf of the Plaintiff," but argues that Defendant is not entitled to these records because "the Plaintiff in his Complaint, absolutely, makes no claim for medical damages, period." *Id.*

After balancing the rights of the parties, as well as considering the broad nature of discovery, the Court finds that Defendant should have access to the requested information. Federal Rule of Civil Procedure 34 requires a responding party to produce "items in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Control has been defined as the legal right to obtain documents on demand. *United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989). In this case, Plaintiff admits that he will have access to his own medical records, but he has not executed or provided the medical authorizations.

The Court first notes that privacy rights in medical records are neither fundamental nor absolute. *Lambert v. Robles*, 2009 WL 1505161, at *2 (S.D. Cal. May 28, 2009); *see also Soto v. City of Concord*, 162 F.R.D. 603, 618-19 (N.D. Cal. 1995). When a plaintiff places his medical status at issue, the expectation to privacy to those conditions is diminished. *Lambert*, 2009 WL 1505161, at *2. Thus, to the extent that Plaintiff places his physical condition at issue, Defendant is entitled to discover medical records that reasonably relate to his allegations. *Lantz v. Superior Court*, 28 Cal. App. 4th 1839, 1854-55, 1857 (1994).

Plaintiff alleges that he sustained the following injuries as a result of the January 2, 2012 incident: "Shock, pain, emotional drama, temporary loss of use of legs, hands, trauma and pain induced depression, suffering due to pain, duress, coronary thrombosis and propensity for myocardial infarct due to excited delirium, induced by false arrest, charges, accusations and physical handling." First Am. Compl. at 3. He also testified that he sought medical treatment for

his injuries at the San Francisco VA Medical Center one or two days after his arrest. Def.'s Ltr. at 1. The fact that Plaintiff identified the VA Medical Center as a location he received treatment for injuries he attributes to the incident undermines his argument that the information is not relevant. *Aguilar v. Cnty. of Fresno, Cal.*, 2009 WL 3617984, at *5 (E.D. Cal. Oct. 29, 2009). Further, in determining whether Plaintiff should be required to respond, the Court must balance his right to privacy with Defendant's right to a fair trial. *Id.* at *6. Plaintiff states that he will have access to the records for evidence at trial, but he argues Defendants should not. Pl.'s Ltr. at 3. "The discovery process should be fair to both parties, so that each side is able to present an effective and complete case to the jury." *Doe v. City of Chula Vista*, 196 F.R.D. 562, 569 (S.D. Cal. 1999) (citations omitted). Fairness dictates that, if Plaintiff intends to use his medical records at trial, Defendant must have access to this information as well.

Notwithstanding the above, "any balancing must be narrowly construed to be the least restrictive." *Aguilar*, 2009 WL 3617984, at *7. Here, the medical authorization is limited to the medical facility that treated Plaintiff for the alleged injuries in this case. In addition, Plaintiff claims that he has sustained injuries to parts of his body where he had a pre-existing condition that predates the incident at issue in this case. Accordingly, Defendant is entitled to discover pre-existing conditions which may impact on causation in this case. *See Slagle v. Superior Court*, 211 Cal. App. 3d 1309, 1314-15 (1989) (stating that medical records may be obtained if relevant to "issue of proximate causation").

## CONCLUSION

Based on the analysis above, the Court ORDERS Plaintiff to execute and provide the releases by March 16, 2015, so that Defendant may forward them to the Custodian of Records. The medical records shall be subject to the protective order in this case. Dkt. No. 26.

**IT IS SO ORDERED.**

Dated: March 10, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge