UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMIL LAWRENCE,<br>　　　　Plaintiff,<br>　　v.<br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br>　　　　Defendants. | Case No. 14-cv-00820-MEJ<br><br>**ORDER RE: ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 109 |

　　　　Plaintiff Emil Lawrence moves to file under seal Exhibits 1-6 to his Opposition to Defendants' Motion for Summary Judgment. Mot. to Seal, Dkt. No. 109; *see* Opp'n, Dkt. No. 110. In support of his Motion to Seal, Plaintiff submits the Declaration of David B. Anderson stating Defendants designated these exhibits as confidential pursuant to the parties' protective order. Anderson Decl. ¶ 3, Dkt. No. 109-1; *see* Protective Order, Dkt. No. 62. Defendants did not respond to the Motion. Having considered the parties positions and the relevant legal authority, the Court issues the following order.

　　　　There is a "strong presumption in favor of access" by the public to judicial records and documents accompanying dispositive motions. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this presumption, a "party must articulate compelling reasons supported by specific fact[s]." *Id.* at 1178 (internal quotation and citation omitted); *see also Apple, Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1223 (Fed. Cir. 2013) (finding sealing appropriate where companies "filed declarations from employees" that "explained the measures the two companies take to keep their product-specific financial information confidential" and "the harm they would suffer if their product-specific financial information were made public").

1   Indeed, such showing is required even where "the dispositive motion, or its attachments, were
2   previously filed under seal or protective order." *Kamakana*, 447 F.3d at 1179.

3   Under the Local Rules of this District, where a party seeks to file under seal any material
4   designated as confidential by another party, the submitting party must file a motion for a sealing
5   order. *See* Civil L.R. 79-5(d)-(e). "Within 4 days of the filing of the Administrative Motion to
6   File Under Seal, the Designating Party must file a declaration . . . establishing that all of the
7   designated information is sealable." *Id.* at 79-5(e)(1). "If the Designating Party does not file a
8   responsive declaration as required by subsection 79-5(e)(1) and the Administrative Motion to File
9   Under Seal is denied, the Submitting Party may file the document in the public record no earlier
10  than 4 days, and no later than 10 days, after the motion is denied." *Id.* at 79-5(e)(2).

11  To date, Defendants have not filed a responsive declaration to Plaintiff's Motion.
12  Accordingly, the Court DENIES Plaintiff's Motion to File Under Seal and DIRECTS Plaintiff to
13  file Exhibits 1-6 in the public record, no earlier than April 6, 2017 and no later than April 14,
14  2017.

**IT IS SO ORDERED.**

Dated: March 31, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge