United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMIL LAWRENCE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　Defendants. | Case No. 14-cv-00820-MEJ<br><br>**ORDER RE: MOTIONS FOR RECONSIDERATION**<br><br>Re: Dkt. Nos. 131, 133 |

## INTRODUCTION

The Court previously granted in part and denied in part the Motion for Summary Judgment brought by Defendants City and County of San Francisco ("the City"), San Francisco Police Department ("SFPD") Officer Christa Peters, and SFPD Officer Daniel Bonnel (together, "Defendants"). *See* Mot. for Summ. J. ("MSJ") Order, Dkt. No. 126. The City and Plaintiff Emil Lawrence ("Plaintiff") each sought leave to file motions for reconsideration of that Order, which the Court granted. Dkt. Nos. 128-30. Those motions are now pending before the Court. *See* Defs.' Mot., Dkt. No. 131; Pl.'s Mot., Dkt. No. 133. The parties filed Oppositions (Pl.'s Opp'n, Dkt. No. 134; Defs.' Opp'n, Dkt. No. 135) and Replies (Defs.' Reply, Dkt. No. 136; Pl.'s Reply, Dkt. No. 137). Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds these matters suitable for disposition without oral argument. Having considered the parties' arguments, the relevant legal authority, and the record in this case, the Court issues the following order.

**BACKGROUND**

The Court's MSJ Order sets forth the material facts of this case. *See* MSJ Order at 1-7.

**LEGAL STANDARD**

A district court has inherent jurisdiction to modify, alter, or revoke a prior order. *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000) (citation omitted). "Reconsideration [of a prior order] is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration should be used conservatively because it is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) ("[A] motion for reconsideration should not be granted, absent highly unusual circumstances. . . .") (citation omitted). A motion for reconsideration "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior'" in the litigation. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted); *see also Marlyn Nutraceuticals*, 571 F.3d at 880 ("A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.") (internal citation and quotation marks omitted).

In the Northern District of California, no motion for reconsideration may be brought without leave of court. Civ. L.R. 7-9(a). Under Civil Local Rule 7-9, the moving party must specifically show: "(1) [t]hat at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which the reconsideration is sought", and "that in the exercise of reasonable diligence[,] the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) [t]he emergence of new material facts or a change of law occurring after the time of such order; or (3) [a] manifest failure by the Court to consider material facts . . . which were presented to the Court before such interlocutory order." Civ. L.R. 7-9(b).

**DISCUSSION**

**A.     Defendants' Motion**

Defendants raise three arguments in their motion: (1) the Court was incorrect in declining to consider Defendants' motion that plaintiff failed to comply with the California Tort Claims Act; (2) the Court was incorrect in declining to consider Defendants' motion that the Defendant Officers were immune from liability—from state law causes of actions for negligence and under Civil Code section 52.1—under California Government Code section 821.6; and (3) Defendants inadvertently failed to respond to Plaintiff's evidentiary objection to the surveillance video marked as Exhibit "A." Defs.' Mot. at 2. The Court considers each argument in turn.

    1.     California Government Code §§ 905, 910, 911.2, and 950.2

In their Motion for Summary Judgment, Defendants argued that "[b]ecause Plaintiff's complaint includes causes of action for negligence and [under California] Civil Code [section] 52.1 that were not properly raised in his tort claim, the Court should dismiss those causes of action against the City." MSJ at 23, Dkt. No. 23. Defendants argued Plaintiff did not timely present his negligence and Bane Act[1] claims to the City, as required by the California Tort Claims Act ("CTCA"), Cal. Gov't Code §§ 810, et seq.

The CTCA requires a person to present "[a] claim relating to a cause of action for death or for injury to person . . . not later than six months after the accrual of the cause of action." Cal. Gov't Code § 911.2(a). The date of accrual for presenting a government tort claim is determined by the rules applicable to determining when any ordinary action accrues. Cal. Gov't Code § 901. "[N]o suit for money or damages may be brought against a public entity . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected[.]" Cal. Gov't Code § 945.4. "Thus, under these statutes, failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit

---

[1] California's Bane Act provides a private right of action against a person or persons who interfere by "threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state[.]" Cal. Civ. Code § 52.1(a).

3

against that entity." *DiCampli-Mintz v. Cty. of Santa Clara*, 55 Cal. 4th 983, 990 (2012) (internal quotation marks omitted); *see id.* at 990 ("The filing of a claim is a condition precedent to the maintenance of any cause of action against the public entity and is therefore an element that a plaintiff is required to prove in order to prevail." (citation and internal quotation marks omitted)).

The Court initially declined to consider Defendants' request to dismiss Plaintiff's negligence and Bane Act claims as time barred because Defendants did not

> explain under what rule they seek dismissal. Defendants' attempt to dismiss these claims at this stage is procedurally improper and should have been brought under a Rule 12(b) motion to dismiss or a Rule 12(f) motion to strike. Even if the Court were to construe Defendants' attempted dismissal as a Rule 12(f) motion, this would apply only to Defendants' argument that certain claims are redundant. *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading . . . any redundant . . . matter.").

MSJ Order at 20 n.6.

Defendants argue "there is no requirement for Defendants to raise [such] arguments in a Rule 12(b) motion to dismiss or a Rule 12(f) motion to strike." Defs.' Mot. at 3. In support, Defendants note "[t]he Court recently considered a CTCA argument brought in a Rule 56 motion in *Tobin v. City and County of San Francisco*, [] 2016 WL 5791224 (N.D. Cal., Oct. 4, 2016) (James, J.)." In *Tobin*, the "[d]efendant move[d] for summary judgment as to [the p]laintiff's California claims on the ground they are untimely under the [CTCA]." 2016 WL 5791224, at *8. Whereas the *Tobin* defendant moved for summary judgment based on the CTCA, Defendants sought to "dismiss" Plaintiff's state law claims in a Rule 56 motion. *See* MSJ at 23. Moreover, Plaintiff attached his claim form to his Complaint and First Amended Complaint ("FAC"). Compl., Ex. A, Dkt. No. 1-1; FAC, Ex. A, Dkt. No. 28. Defendants did not seek dismissal of Plaintiff's Bane Act or negligence claims prior to moving for summary judgment.

Even if the Court were to consider Defendants' request to dismiss Plaintiff's Bane Act and negligence claims under a summary judgment standard, denial is appropriate. It is undisputed that Plaintiff submitted a claim to the City, which the City received on April 20, 2012, well within the six month deadline for Plaintiff to submit a claim based on the January 2, 2012 events. *See* Ceballo MSJ Decl., Ex. N (Claim), Dkt. No. 101-14. Plaintiff's claim provides an adequate

factual basis for his claims.

The CTCA requires a claim to identify, among other things, (1) "[t]he date, place, and other circumstances of the occurrence or transaction which gave rise to the claim asserted"; (2) "[a] general description of the indebtedness, obligation, injury, damage[,] or loss incurred so far as it may be known at the time of presentation of the claim"; and (3) "[t]he name or names of the public employee or employees causing the injury, damage, or loss, if known." Cal. Gov't Code § 910. "The purpose of the claims statutes is not to prevent surprise, but to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." *City of Stockton v. Superior Court*, 42 Cal. 4th 730, 738 (2007) (internal quotation marks omitted). Thus, "[i]n comparing claim and complaint, [courts] are mindful that so long as the policies of the claims statutes are effectuated, the statutes should be given a liberal construction to permit full adjudication on the merits." *Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*, 34 Cal. 4th 441, 449 (2004) (internal quotation marks and edits omitted); *see Perez v. Golden Empire Transit Dist.*, 209 Cal. App. 4th 1228, 1234, (2012) ("The claim filing requirement is not designed to eliminate meritorious lawsuits or to snare the unwary when the requirement's purpose has been satisfied."). "If the claim gives adequate information for the public entity to investigate, additional detail and elaboration in the complaint is permitted." *Stockett*, 34 Cal. 4th at 449. "[A] claim need not contain the detail and specificity required of a pleading, but need only fairly describe what the entity is alleged to have done." *Id.* at 446 (internal quotation marks and edits omitted).

Plaintiff's 23-page claim describes in detail his version of the events which transpired on January 2, 2012, including his arrest, his assertion that the "cuffs are extremely tight and start to hurt, immediately," and his contention that "Badge 804 . . . pulls me straight out [of the patrol vehicle] and drops me on my cuffs[.]" Ceballo MSJ Decl., Ex. N at ECF pp.10-11. Plaintiff's claim also identifies SFPD officers by their badge numbers. *Id.* at ECF pp.1, 10-12. Although Plaintiff's claim did not specifically name the Bane Act or use the term "negligence," it contains adequate information to reasonably allow the City to investigate his claim and determine how to proceed, thus fulfilling the purpose of the CTCA.

5

1    Accordingly, the Court **DENIES** Defendants' Motion on this ground.

2    2.    California Government Code § 821.6

3    Next, Defendants argue the Court failed to consider their argument that the Defendant Officers were immune from liability—for Plaintiff's negligence and under California Civil Code section 52.1 claims—pursuant to California Government section 821.6. Defs.' Mot. at 3. Section 821.6 provides that: "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." However, the Court "has previously analyzed this specific issue and explicitly held that Section 821.6 only immunizes public employees from malicious prosecution claims." *Myers v. City & Cty. of San Francisco*, 2012 WL 4111912, at *7 (N.D. Cal. Sept. 18, 2012) (citing *Dinius v. Perdock,* 2012 WL 1925666, at *9 (N.D. Cal. May 24, 2012) ("The Court agrees with the California Supreme Court's decision in *Sullivan* and finds that Section 821.6 only applies to claims for malicious prosecution."); *Tucker v. City of Richmond,* 2012 WL 2571314, at *4-5 (N.D. Cal. July 2, 2012) (rejecting the defendants' arguments that Section 821.6 provides officers with immunity against the plaintiff's claims for false imprisonment, NIED, and IIED). As such a claim is not at issue here, Defendants' Motion on this ground is **DENIED**.

3.    Evidentiary Objection

The Court sustained Plaintiff's objection to a surveillance video Defendants submitted in support of their Motion on the ground that Defendants did not produce this video during discovery and because Defendants did not address the objection in their reply. MSJ Order at 8-9; *see* Ceballo Decl., Ex. A (surveillance video, manually filed with the Court). Defendants represent their failure to respond to the objection was "inadvertent." Defs.' Mot. at 4 ("Defense counsel inadvertently attached the wrong surveillance video in support of" the Motion for Summary Judgment). They further represent "Defense counsel was alerted to this error after a meet and confer with Plaintiff's counsel on August 16, 2017." *Id.* at 4-5. Defendants submit the surveillance video—referenced in their Motion for Summary Judgment—with their instant Motion. *See* Dkt. No. 102 (Notice of Manual Filing).

A party's own mistake is not grounds for the Court to reconsider a prior order. Moreover, Defendants cannot plausibly argue they did not learn of their error until August 16, 2017. Plaintiff raised his objection in his Opposition to the Motion for Summary Judgment, which he filed on March 23, 2017 – approximately five months before the meet and confer took place. MSJ Opp'n at 25, Dkt. No. 110 ("Defendants rely on a surveillance footage, which is submitted by way of a declaration from defense counsel. *See* Dkt. 101 at 2, Ex. A. Defendants never produced this surveillance footage during discovery . . . , and therefore Federal Rule of Civil Procedure 37(c)(1) bars its use here or at trial."); *see also* Anderson MSJ Decl. ¶ 12, Dkt. No. 111 ("I have reviewed the Exhibit A to Defendants' Motion for Summary Judgment, which purports to be surveillance video dated December 21, 2012. . . . Having reviewed the document productions, I am informed and believe, and on that basis declare, that Defendants have not previously produced this surveillance video to Plaintiff during discovery in this litigation."). Defendants nevertheless did not address the objection or correct their "inadvertent" filing in their Reply. *See* MSJ Reply, Dkt. No. 117; *see also* MSJ Order at 9 ("Defendants do not dispute [Plaintiff's] assertion" that Defendant did not produce the video during discovery). To the extent Defendants argue the Court should now consider the surveillance video they submit with their instant Motion, the Court declines to do so and **DENIES** Defendant's Motion for Reconsideration on this ground. *See Micha v. Sun Life Assurance of Canada, Inc.*, 874 F.3d 1052, 1056 (9th Cir. 2017) (district court did not abuse its discretion in refusing to consider issue that could reasonably have been raised in original motion).

**B.  Plaintiff's Motion**

In his Motion, Plaintiff argues that although the Court concluded CCSF was entitled to judgment as a matter of law on all counts, it failed to analyze whether CCSF was vicariously liable for the surviving state law claims against its employee, Officer Peters. Pl.'s Mot. at 1. He further argues that although the Court concluded Officer Bonnel was entitled to judgment as a matter of law on all counts asserted against him, the Court failed to consider whether genuine disputes of material fact exist concerning whether Officer Bonnel used excessive force in dropping Plaintiff onto his handcuffed hands. *Id.*

### 1. Vicarious Liability

In his Second Amended Complaint, Plaintiff asserts all of his state law claims against CCSF based on a theory of vicarious liability as the employer of the Officer Defendants. Dkt. 91, ¶¶ 3, 23-30 (First Count – Bane Act); 31-32 (Assault and Battery); 33-37 (Negligence). Under California state law, "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." Cal. Gov't Code § 815.2. The public entity is only immune from such vicarious liability when its employee is immune – put differently, its liability is coextensive with its employee's liability. Cal. Gov't Code § 815.2(b); *Collins v. City and Cty. of San Francisco*, 50 Cal. App. 3d 671, 673-74 (1975) (under Section 815.2, "the defendant city's liability for the tort here at issue is coextensive with the liability, if any, of the police officer; if for any reason the officer would not be liable if made a party, then also the city would not be liable"). "This provision clearly allows for vicarious liability of a public entity when one of its police officers uses excessive force in making an arrest." *Blankenhorn v. State of California*, 485 F.3d 463, 488 (9th Cir. 2007) (citing *Mary M. v. City of Los Angeles*, 54 Cal.3d 202, 285 (1991); Cal. Gov't Code § 815.2).

In its MSJ Order, the Court concluded that Officer Peters was not entitled to summary judgment for the state law excessive force claims arising out of the handcuffing of Plaintiff. *See* MSJ Order at 26-27. In doing so, the Court did not conclude that Officer Peters was entitled to immunity for these claims. CCSF would therefore be vicariously liable for any assault and battery or negligence by its officers. *Blankenhorn*, 485 F.3d at 488; *Nozzi v. Hous. Auth. of City of Los Angeles*, 425 F. App'x 539, 542 (9th Cir. 2011) (holding that public entities "may be held vicariously liable for the negligent acts of their individual employees"). Further, in its Motion for Summary Judgment, CCSF sought judgment as to all claims, but focused solely on its potential *Monell* liability for the 42 U.S.C. § 1983 claim, without ever addressing whether it was also entitled to judgment as to Plaintiff's respondeat superior claims against it for the state law claims. MSJ at 12-16. Thus, when the Court granted summary judgment as to all claims asserted against

8

1 CCSF and entered judgment in its favor and against Plaintiff, it had also not addressed Plaintiff's vicarious liability claims. Accordingly, the Court **GRANTS** Plaintiff's Motion and **REVERSES** the judgment in favor of CCSF as it relates to CCSF's vicarious liability.

### 2. Officer Bonnel

In its Order, the Court found there were no facts in the record that would allow a reasonable jury to find Officer Bonnel used excessive force in removing Plaintiff from the police vehicle. MSJ Order at 17. Plaintiff argues the Court conflated two distinct events as one: (1) the amount of force necessary to remove Plaintiff from the police vehicle and (2) the amount of force used resulting in Plaintiff being dropped onto the ground. Pl.'s Mot. at 7. Plaintiff does not claim the amount of force used to remove him from the vehicle was excessive. *Id.* Instead, he maintains his excessive force claim against Officer Bonnel focuses on the latter: that he was dropped on his handcuffed hands from a height of one and half to three feet after his removal from the police vehicle. *Id.* Because the Court did not consider the removal and drop as two separate events, Plaintiff argues reconsideration and reversal is warranted. *Id.* However, the Court did consider Plaintiff's claim as it relates to the fall, finding that Plaintiff's only evidence of Officer Bonnel's intent was his own speculation, which was not enough to create a genuine dispute of material fact. MSJ Order at 18-19. Like Plaintiff in his SAC (¶ 18) and in his Opposition to Defendants' summary judgment motion (Dkt. No. 110 at 10-11), the Court considered the car extraction and fall in the same section because, in Plaintiff's own words, the events happened quickly. *See* MSJ Order at 5. The Court therefore rejects Plaintiff's framework of two distinct events and **DENIES** his Motion for Reconsideration as to Officer Bonnel.

## CONCLUSION

Based on the analysis above, the Court **DENIES** Defendants' Motion for Reconsideration, **GRANTS** Plaintiff's Motion for Reconsideration as it relates to CCSF's vicarious liability, and **DENIES** Plaintiff's Motion as it relates to Officer Bonnel.

The parties shall appear for a Case Management Conference on August 9, 2018 at 10:00 a.m. in Courtroom B, 15th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102. This conference shall be attended by <u>lead</u> trial counsel. The parties shall e-file (no chambers copy is

required) an updated Joint Case Management Statement by August 2, 2018, containing the information in the Standing Order for All Judges in the Northern District of California, available at: http://cand.uscourts.gov/mejorders.  In their statement, the parties shall inform the Court whether they wish to attend a further settlement conference with Magistrate Judge Corley or attend a settlement conference with another magistrate judge.

**IT IS SO ORDERED.**

Dated: July 6, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge